1  PATRICK S. SMITH, ESQ., State Bar No. 120220
   BELTRAN, BELTRAN, SMITH & MACKENZIE LLP
2  16133 Ventura Blvd., Suite 1145
   Encino, California 91436
3  Telephone: (818) 981-1027
   Facsimile: (844) 270-8055
4  patricksmithlaw@gmail.com

5  Attorney for Plaintiff
   Michael Davidson
6

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9  MICHAEL DAVIDSON,                    ) CASE NO.
                                        )
10                    Plaintiff,        ) COMPLAINT FOR COMPLAINT FOR
   vs.                                  ) VIOLATION OF CIVIL RIGHTS
11                                      )
   CITY AND COUNTY OF SAN               )
12 FRANCISCO, a political subdivision of)
   the state of California, OFFICER     )
13 KELLY, and DOES I through X,         )
   inclusive,                          )
14                                      )
                      Defendants.       )
15 _____ )

16        Plaintiff alleges:

17              **JURISDICTION AND VENUE**

18        1.    This action arises under the United States Constitution and the Civil

19 Rights Act of 1871 [42 U.S.C. Section 1983] and pendent state claims as hereinafter

20 more fully appears.  This court has jurisdiction under and by virtue of 28 U.S.C.

21 Sections 1343 and 1331.

22        2.    Venue is founded in this judicial district upon 28 U.S.C. Sections 1391

23 as the acts complained of arose in this district.

24                        **PARTIES**

25        3.    At all times herein mentioned, plaintiff Michael Davidson ("Davidson")

26 was residing in the United States, residing within the jurisdiction of the United States

27 District Court for the Northern District of California.

28

---

*Complaint For Violation of Civil Rights*
*Page 1*

4.     At all times herein mentioned, defendant Officer Kelly ("Kelly") was duly appointed and acting as a police officer for the City and/or County of San Francisco, employed as such by the San Francisco Police Department, and was at all material times acting under color of state law, and as the employee, agent and representative of every other defendant.

5.     At all times herein mentioned, defendant Does I through X, are unknown to plaintiff who therefore sues such defendants by such fictitious names. Each of the defendants, Does I through X, is responsible in some manner for the events herein referred to, and caused injuries and damages proximately thereby to plaintiff, as herein alleged.  Plaintiff will amend this complaint to insert the true names and capacities of the fictitiously named defendants when ascertained.

6.     At all times herein mentioned, defendant, the City and/or County of San Francisco, is now, and was at all times herein mentioned, a political subdivision of the State of California existing as such under the law of the State of California and the United States.

7.     At all times herein mentioned, defendant City and/or County of San Francisco, was and is a political subdivision of the State of California, and defendants, KELLY , and Does I through X, and each of them, were, alternatively, other political subdivisions within the state of California, or law enforcement officers in the San Francisco Police Department, and doing all of the things hereinafter mentioned, acted together, in conspiracy, or in concert, under color of the authority of such police department, and under color of the statutes, regulations, customs and usages of the State of California, the City and/or County of San Francisco, and the aforementioned San Francisco Police Department.

## FACTUAL ALLEGATIONS

8.     On or about September 30, 2014, plaintiff was a pedestrian crossing the intersection at 4th Street and Mission in the City and County of San Francisco.

Defendant Officer Kelly was at that same intersection acting under the authority vested in him by the San Francisco Police Department.  Defendant Officer Kelly purported to give instructions to pedestrians during the time in which Plaintiff was crossing the intersection which were confusing and contradictory.  The police officer defendant, Kelly, grabbed on to Plaintiff and physically contacted him without cause. Then, without further cause or justification, Kelly forcefully and excessively took Plaintiff to the ground in a manner which broke Plaintiff's ankle and caused other injuries.  Plaintiff's injuries were severe enough that he was forced to remain on the ground after his being taken down by Kelly until an ambulance came to treat Plaintiff.  Plaintiff was cited for crossing against a red light and disobeying an officer's instructions, both of which were not based in fact and, even so, were not justification for using the force against Plaintiff.  The citation was a pretext to justify the actions against Plaintiff. The charges against Plaintiff were rejected for prosecution.

9.     The force used was against Plaintiff was unlawful and unjustified. The charges, a pretext to cover up his illegal activity, were dismissed against Plaintiff.

10.     Plaintiff in no way consented to defendants' illegal conduct, but protested the Defendant's use of force and the pretextual and false accusation to justify the officer's actions.

11.     By reason of the above-described acts and omissions of defendants, and each of them, Plaintiff sustained physical injuries, and was subjected to humiliation and indignities, and suffered physical, mental and emotional pain and suffering all to his damage in an amount to be ascertained.

12.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

13.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to plaintiffs in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, it is hereby requested that Defendants pay a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT ONE

**(Plaintiff Against Defendant, Kelly, and DOES I through X, For Violation of Civil Rights – Unlawful Detention and Arrest)**

14.     Plaintiff hereby incorporates and realleges Paragraphs 1 through 13 hereat as though fully set forth at this place.

15.     As set forth herein above, all of the defendants, and each of them, acted individually and together in a conspiracy and/or in concert to deprive plaintiff various search and seizure rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

16.     By reason of the defendants' conduct, plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth amendments of the Constitution of the United States, and laws enacted hereunder.

17.     The arbitrary intrusion by defendants, and each of them, into the security of plaintiff's privacy was in violation of his due process and liberty interests and were not authorized by law.  The defendants violated Plaintiff's rights against unlawful search and seizure by unlawfully detaining and arresting him.  Moreover, the constitutional violations inflicted upon Plaintiff's person, and the restriction of plaintiff's movements, was unnecessary, unreasonable and, therefore, in violation of plaintiff's Fourth and Fourteenth Amendment rights.  Therefore, the individual defendants, and each of them, are liable to plaintiff under 42 U.S.C. § 1983.

///

1

## COUNT TWO

2    **(Plaintiff Against Defendant, Kelly, and DOES I through X, For Violation of**
3    **Civil Rights – Excessive Force)**

4        18.    Plaintiff hereby incorporates and realleges Paragraphs 1 through 17
5    hereat as though fully set forth at this place.

6        19.    By reason of defendant's conduct, who acted in concert and in
7    conspiracy with each other in the use of excessive force and the cover-up, Plaintiff
8    was deprived of rights, privileges, and immunities secured to him by the Fourth and
9    Fourteenth Amendments of the Constitution of the United States and laws enacted
10   thereunder.

11       20.    The arbitrary intrusion by defendants, and each of them, into the
12   security of Plaintiff's privacy was in violation of his due process and liberty interests
13   and not authorized by law.  Moreover, the violence inflicted upon plaintiff's person
14   was unnecessary, unreasonable and excessive, and was, therefore, in violation of
15   plaintiffs' Fourth Amendment rights.  Therefore, the individual defendants, and each
16   of them, are liable to Plaintiff under 42 U.S.C. Section 1983.

17

18

## COUNT THREE

19   **(Plaintiff Against The City and County of San Francisco and DOES I-X,**
20   **For Violation Of Civil Rights)**

21       21.    Plaintiff hereby incorporates and realleges Paragraphs 1 through 20,
22   hereat as though fully set forth at this place.

23       22.    Defendant, the City and County of San Francisco, and DOES I-X,
24   knowingly, with gross negligence, and in deliberate indifference to the Constitutional
25   rights of inhabitants of this district, maintains and permits an official policy and
26   custom of permitting the occurrence of the types of wrongs set forth herein above
27   and hereafter.

28

23.   These policies and customs, on information and belief based on the allegations in this case, include, but are not limited to, the deliberately indifferent training of its officers in the use of force, the execution of arrests, the failure to train officers in the prevention of fellow officers from violating the rights of citizens, engage in harassment, the failure to discipline or otherwise take action to retrain or correct officers who engage in prior acts of misconduct, the inappropriate training of officers (or the unlawful policy, custom, and practice which allows officers) to investigate uses of force in a fair manner that is not intimidating to witnesses into withdrawing complaints, not want to testify, or slant the investigation to favor the officer.  These policies, customs, practices, and failure to train led to the ratification by of unlawful acts by San Francisco Police Officers.  These policies and/or customs also include the express and/or tacit encouragement of arrests without probable cause, the use of excessive force, the ratification of police officer misconduct, the failure to conduct adequate investigations of police officer misconduct such that future violations do not occur, the indifference shown to officer misconduct such that it allows officers to feel that they can act with impunity in using excessive force, conducting unlawful arrests, and conducting illegal detentions and searches and the policy, custom or practice of not recording interviews of officers subject to use of force investigations.  Plaintiff is informed and believes, and thereon alleges, that the customs, policies, practices and failure to train were, individually, and collectively, the moving force behind the violations of Plaintiff's rights.  Based upon the principles set forth in Monell v. New York City Dept. of Social Services, the City and County San Francisco and DOES I-X are liable for all of the injuries sustained by Plaintiff as set forth above.

///

///

///

WHEREFORE, Plaintiff requests judgment as follows against defendants, and each of them:

1. That Defendants be required to pay Plaintiff general damages including pain and suffering and emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages in a sum to be ascertained;

3. That Defendants, except the City and County of San Francisco and Does 1X and X, be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay attorney's fees pursuant to Section 1988 of Title 42 of the United States Code;

5. That Defendants be required to pay the costs of suit herein incurred; and

6. That Plaintiff have such other and further relief as the court may deem just and proper.

DATED: February 5, 2016                BELTRAN, BELTRAN, SMITH & MACKENZIE LLP


By     /S/
PATRICK S. SMITH
Attorneys for Plaintiff